C. L. ODEN v. J. W. GATES.

No. 5446. Decided February 19, 1930.
(24 S. W., 2d Series, 381.)

*Walsh & Smith,* for appellant.

J. W. Gates did not comply with the provision of the statute requiring interest to be paid up to the time of the re-instatement. The attempted re-instatement of the prior sale to him and cancellation of the sale to C. L. Oden was therefore invalid. C. L. Oden, the plaintiff, and not J. W. Gates, the defendant, is the owner of this land under the only valid outstanding sale. Article 5311B, Revised Civil Statutes of 1925; Article 5326 Revised Civil Statutes of 1925; Weaver v. Robinson 268 S. W., 133; Lewis v. Heath (12 S. W., (2nd) 641).

The titles to school lands would be hopelessly confused if the Commissioner should be required to recognize any party who might apply and make a re-instatement to him without the proper chain of title appearing on the records of the land office.

The Commissioner of the General Land Office, in attempting to cancel the sale to the plaintiff, Oden, on January 5, 1926, after said sale to Oden had stood for more than a year, and in attempting thereafter to re-instate the sale to J. H. Brannan (or J. W. Gates) entirely exceeded any authority vested in him and was without the sanction of any statute and directly contrary to the mandate of the Legislature as expressed in Article 5311B Revised Civil Statutes of 1925.

*Dibrell & Starnes,* for appellee.

The payment of the interest to the last interest paying date is all that is required by the Statutes in order to authorize the land commissioner upon application made within six months after the taking effect of Art. 5311B, Revised Civil Statutes 1925, to re-instate the owner of school lands in his purchase when the forfeiture of the said purchase was invalid and the rights of third person had not intervened, providing said sale under said forfeiture had not stood for one year.

The application for re-instatement having been made, and all past due interest paid, by the true owner within the time provided by law, the land commissioner was authorized to re-instate said true owner as of date of said application, even though his title papers were not filed with the land office until after said time had expired.

The Legislature in passing these statutes knew the meaning of the words as construed by the Court, intended them to have that meaning and that interest due at the time of the re-instatement could mean only the interest which was unpaid at the last interest paying date, no other interest being due.

MR. JUDGE LEDDY delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals for the Seventh Supreme Judicial District presents certified questions. We will recite such facts from the certificate as are deemed essential to properly answer the questions propounded.

On September 3rd, 1924, appellant Oden purchased a section of school land, which had theretofore been forfeited by the Land Commissioner for non-payment of interest. The sale to him was admittedly void under the ruling of our Supreme Court in approving the opinion of the Commission of Appeals in Weaver v. Robison, 114 Texas, 272, 268 S. W., 133. Such sale, however, was validated

by the Act of the 39th Legislature, (R. S. Art. 5311b), effective March 28th, 1925, unless the owner of the section at the time of the forfeiture had legally re-instated the same under the proviso contained in said act. Such proviso reads as follows:

"Provided, in cases where the sale award of the land advertised as aforesaid has not stood one year, the owner of said land at date of forfeiture shall have the right to apply to the General Land Office for a re-instatement of said former sale upon the payment of all past due interest at any time within six months after the taking effect of this act."

On September 1, 1925, the Commissioner of the General Land Office received an application for re-instatement of the land sold to Oden from appellee Gates, who was the owner at the time of the forfeiture, accompanied by a remittance sufficient in amount to pay the interest due the state to November 1, 1924.

Appellant contends that the attempted re-instatement by the owner was ineffectual as he was required under the proviso of the validating act to pay the interest *accrued* to the date of re-instatement, while appellee's view is that on September 1, 1925, there was but one year's interest past due as under the contract sought to be re-instated annual interest installments were due on the 1st day of November of each year.

It is further recited in the certificate that at the time Gates filed his application for re-instatement of the forfeited section of land he enclosed deeds for filing with the Land Commissioner showing him to be the owner of said survey but that the Commissioner returned the deeds on account of a correction necessary to be made in the description of other lands not here involved, and that later, before the award was re-instated under his application, proper deeds were filed with the Land Commissioner, which showed that he was the owner of the section at the time the same was forfeited.

Based upon the foregoing facts the Court of Civil Appeals seeks an answer to the following questions:

"(1) Did the failure of Gates to remit an amount sufficient to pay the interest up to the date of re-instatement, deprive him of the right under the statutes to have the original sale re-instated?"

"(2) Did the failure of Gates to file with the Commissioner conveyances showing a complete title in him on September 1st, 1925, authorize the Commissioner to re-instate the claim later on Jan. 5th, 1926, when title was shown to be complete?"

Did the Legislature, in requiring payment of all past due interest as a requisite for the re-instatement of forfeited lands intend that applicants should be required to pay all accrued interest to the date of re-instatement, or only interest actually due under the terms of the contract sought to be re-instated? We think the latter view is the more reasonable interpretation of the legislative purpose.

It must be borne in mind that the Legislature was not authorizing the making of a new contract, but was making provision for the re-instatement of an existing one which had been forfeited for failure to comply with its terms. The requirements made by the statute must be viewed in the light of the provisions of the forfeited contract. That contract obligated the purchaser to pay interest install-ments annually on November 1st during the life thereof. When Gates, as the owner of the land, sought to re-instate the former con-tract of purchase, the only interest due under the obligation assumed by him was that payable on November 1, 1924. When he remitted on September 1, 1925, a sufficient amount to pay that installment, the original contract, according to its terms, was in good standing, as the next installment of interest would not be due until November 1, 1925.

But, it is urged that the provisions of Article 5311b providing for re-instatement should be construed in connection with those of Article 5326, which makes provision for the ordinary re-instatement of forfeited school lands. Inasmuch as Article 5326 represents the fixed policy of the state for a long period of years as to the require-ments for re-instatement of forfeited school land, we think it proper that the two statutes should be so construed.

Article 5326 provides for the re-instatement of forfeited school land by requiring the applicant to pay the interest due up to the date of re-instatement. Appellant insists that the policy of the state is thus declared to be that in order to re-instate forfeited school land all interest accrued up to the date of re-instatement must be paid. We are not able to adopt the view that this is a correct con-struction of Art. 5326.

The word "due" has a double meaning: (1) That the debt or obligation to which it applies has by contract or operation of law become immediately payable; (2) An existing indebtedness without reference to the time of payment, in which it is synonymous with "owing," and includes all debts, whether payable *in praesenti* or *in futuro.* Words & Phrases, Vol. 3, p. 2213.

The word is used on different occasions to express distinct ideas. Its meaning must necessarily depend upon the context and evident purpose intended. U. S. v. State Bank of North Carolina, 31 U. S., (6 Pet.) 29, 8 L. Ed., 308.

After the enactment of Article 5326, which was originally passed in 1897, the department charged with the enforcement of its provisions construed the same as requiring the applicant for re-instatement to pay interest to the last annual interest payment period. This departmental construction was continued for a quarter of a century before the passage of Article 5311b. It must be presumed that when the Legislature passed the last named statute it knew the Commissioner of the Land Office had interpreted Article 5326 as not requiring the applicant for re-instatement to pay accrued interest to the date of re-instatement, but only that which was due under the terms of the contract which was being re-instated. If the Legislature, by the passage of Article 5311b, contemplated a change from the method in force by the Land Office, it would no doubt have made plain its purpose to change the rule of construction then being applied. Not having done so, it must be presumed that the long continued construction of that department was intended to be continued under the provisions of the later law.

No sound reason exists why an owner re-instating land under the validating act should not be accorded the same privilege that was given owners of land under the general statute providing for re-instatement. It will not be presumed, in the absence of compelling language, that the Legislature intended to discriminate between its citizens when legislating upon the same subject matter.

Clearly, the provisions of Article 5326 requiring the payment of interest due up to the date of re-instatement is more susceptible to the construction contended for by appellant than the provisions of the validating act. If the Legislature, by enacting Art. 5311b, had contemplated a change in policy from the departmental construction given the act of 1897, it would no doubt have used language so definite and specific that its meaning could not have been misunderstood. Instead of doing so, it used the words "past due interest," omitting the language "up to the date of re-instatement" and thus left it less persuasive that it was the legislative purpose to require the applicant to pay all interest matured up to the date of re-instatement then under the existing statute. It is hardly probable that the Legislature would have again used the term "past due interest" in view of the Land Office's interpretation thereof if it had

82

not deemed such construction to be in accordance with its intention in enacting Art. 5326.

It will be noted the validating act provides that the "owner" may re-instate upon complying with the terms of the act. It is undisputed that Gates was the owner of the section at the time of the forfeiture, but it is insisted that he was required by this statute to show his ownership by the filing of title papers with the Land Commissioner at the time he made application for re-instatement, and if he failed to do so, his right to re-instatement was lost. The statute does not impose as one of the conditions for re-instatement that the applicant should have his deeds filed showing ownership in him at the time of the filing of his application. It merely requires that he be the owner of the land sought to be re-instated.

Under the general law regulating the sale of public lands the Commissioner of the Land Office is authorized to adopt reasonable rules and regulations not in conflict with the statutes of this state. Under such rules he could of course require the applicant to file deeds showing title in himself before permitting re-instatement, as this would be the only method for him to officially determine that the applicant was in fact the owner of the land. However, the Commissioner did not have the right to place a requirement as a condition precedent for the filing of an application to re-instate forfeited land which was not made by the law making body.

We answer the first question certified in the negative and the second in the affirmative.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

C. M. Cureton, Chief Justice.