McCALLUM, Secretary of State, v. ASSOCI-
ATED RETAIL CREDIT MEN OF
AUSTIN.

No. 7488.

Court of Civil Appeals of Texas. Austin.
March 5, 1930.

Rehearing Denied April 9, 1930.

R. L. Bobbitt, Atty. Gen., for appellant.

George Mendell, Jr., of Austin, for appellee.

BLAIR, J.

By this suit appellee, Associated Retail Credit Men of Austin, a domestic corporation, obtained a perpetual injunction against appellant, Jane Y. McCallum, Secretary of State, from demanding of it the annual franchise tax of $10 imposed against private domestic corporations by article 7084, Rev. St. 1925, on the grounds: (1) That the article only imposed the tax against capital stock corporations; and (2) that appellee was exempt from payment of the tax under provision of article 7094—hence this appeal.

We think the trial court erred in holding that article 7084 only imposed the tax against capital stock corporations. We construe the statute to impose the tax against all private domestic corporations not exempt under provision of article 7094. However, we think the trial court correctly held appellee exempt from payment of the tax under provision of article 7094, and a discussion of ground 1 becomes immaterial.

Appellee was incorporated in 1919 under what is now subdivision 53 of article 1302, without capital stock and not for profit, but primarily "to acquire, preserve and disseminate valuable business information" for its members, now some thirty-six retail merchants of Austin, although incidentally and secondarily other merchants and individuals of Austin are benefited by the operations of appellee. The annual dues of $10 per member are used to carry out the purposes of the association. Appellee paid the required filing fee of $50 at the time of its incorporation, but has never paid nor has payment of the annual franchise tax of $10 ever been demanded of appellee until appellant, as secretary of state, made demand on October 2, 1929, for its payment for each year since appellee's incorporation. Each secretary of state since 1915 has exempted retail merchant associations incorporated as appellee from payment of this franchise tax, with notation on the record kept of such corporations, "exempt under Art. 7403," now article 7094, and which exempts "corporations having no capital stock and organized for the exclusive purpose of promoting the public interest of any city or town," from payment of said franchise tax.

The language of this exemption statute is broad and general and capable of being

construed to include many kinds of corporations having for their purpose the development of some particular interest of a city or town, as distinguished from development of all the interests of a city or town. The secretary of state is charged with the duty of collecting the franchise tax imposed by article 7084. This department of the state government, with apparent legislative acquiescence and construction of article 7094, has for fifteen years pursued the practice of not collecting such franchise tax from retail merchant associations incorporated as appellee, upon the ground that such corporations were exempt by article 7094. So, without more specific legislation on the subject, we do not feel that the tax should now be imposed under the settled rule of law that, if any doubt arises with respect to the imposition of a tax, it must be resolved against the right to make the exaction. Austin v. Nalle, 85 Tex. 520, 22 S. W. 668, 960; Franklin Fire Ins. Co. v. Hall, 112 Tex. 336, 247 S. W. 822, 823, which in point of fact and on principle is very similar to this case. There the tax sought to be collected was an annual license fee or occupation tax of 50 cents imposed upon insurance agents; and, in disposing of the case, the Supreme Court applied the above rule of law, and also the following rule of statutory construction: "The contention of the respondent in this case is not supported by departmental practice nor legislative construction. On the contrary, the charge made in this instance has never heretofore been exacted of local insurance agents. The insurance department has never heretofore demanded this charge from local insurance agents. The Legislature has acquiesced in this construction, in that it has not passed any act making this charge applicable as it is sought to be applied in this instance. The acquiescence of the Legislature in the departmental construction has not been merely a passive one, for the reason that the fees authorized by the act are a source of revenue, the consideration of which is one of the primary duties of the Legislature." And paraphrasing further language of the opinion in the above case, we think the language of article 7094 is so broad and general as to be capable of being construed to include appellee, and, interpreting it in the light of the departmental practice and legislative construction, to exempt appellee and similar corporations from the payment of the franchise tax imposed by article 7084 upon domestic corporations.

It is true that the franchise tax imposed by article 7084 was paid by corporations similar to appellee as well as chambers of commerce and boards of trade of cities and towns until 1915. An opinion was given by the Attorney General about 1916, the caption of which reads as follows: "Corporations as chartered under Subdivision 56 of Article 1121 (now Sub. 53 of Art. 1302) as commercial clubs or boards of trade are exempt from the payment of franchise taxes by Revised Statutes, Article 7403" (now article 7094).

This opinion related particularly to whether the Chamber of Commerce of Tyler was exempt from payment of the franchise tax, and the Attorney General here contends that a wrong interpretation of this opinion as including corporations organized as retail merchant associations was the basis for the construction placed upon the exemption statute by each Secretary of State since 1915. Even so, the Legislature has acquiesced in the construction placed by this department of the state government upon the broad and general language, "corporations having no capital stock and organized for the exclusive purpose of promoting the public interest of any city or town," by re-enacting the statute in the codification of 1925 without change, and with the departmental construction for many years outstanding, and for the further reason that the tax is "a source of revenue, the consideration of which is one of the primary duties of the Legislature." See, also, Houston & T. C. Ry. Co. v. State, 95 Tex. 521, 68 S. W. 777.

The judgment of the trial court will be affirmed.

Affirmed.

### On Motion for Rehearing.

On motion for a rehearing, appellant insists that we erred in sustaining the departmental construction placed upon article 7094, Rev. St. 1925, as exempting appellee corporation from payment of the annual franchise tax of $10, imposed by article 7084, principally because there is no ambiguity or doubt with respect to the meaning of the language of article 7094, and because there is nothing to show that the Legislature knew of the departmental construction.

If there was any doubt with respect to our former conclusion as regards these contentions, that has been removed by the acts of the Fifth Called Session of the Forty-First Legislature by necessary implication. These acts we will discuss in their chronological order with respect to the interpretation placed upon the exemption statute by the Secretary of State as well as the Attorney General, and with legislative acquiescence.

Appellee was incorporated in 1919, under what is now article 1302, subd. 53, which reads as follows: "To organize cotton exchanges, chambers of commerce and boards of trade, with power to provide and maintain suitable rooms for the conduct of their business, and to establish and maintain uniformity in the commercial usages of cities and towns, to acquire, preserve and disseminate valuable business information, and to adopt rules, regulations and standards of classi·

fication, which shall govern all transactions connected with the cotton trade, and with other commodities where standards and classifications are required, and generally to promote the interests of trade and increase the facilities of commercial transactions."

The exemption statute (article 7094) was enacted in 1907. After its enactment, corporations similar to appellee, as well as cotton exchanges and chambers of commerce corporations, continued to pay the franchise tax of $10 per annum imposed by article 7084, up to and for the year 1915. On March 3, 1916, First Assistant Attorney General C. M. Cureton gave the then Secretary of State an opinion which reads, in part, as follows: "4. Corporations as chartered under Subdivision 56 of Article 1121 (now Art. 1302, Sub. 53, supra) as commercial clubs or boards of trade are exempt from the payment of franchise taxes by Revised Statutes, Article 7403 (now Art. 7094)."

This opinion pertained specifically to whether the Chamber of Commerce of the city of Tyler was exempt under the statute from payment of the annual franchise tax. However, each succeeding Secretary of the state has exempted corporations organized under article 1302, subd. 53, supra, including chambers of commerce, cotton exchanges, and boards of trade corporations, of which latter class appellee is one, from the payment of the annual franchise tax imposed by article 7084, and this with apparent acquiescence of the Legislature, because, as said by Judge Cureton in Franklin Ins. Co. v. Hall, supra, the tax is "a source of revenue, the consideration of which is one of the primary duties of the Legislature." The Legislature recodified the statutes in 1925, and article 7094 was brought forward without change, and the practice of exempting the corporations above mentioned was continued. In 1928, an opinion by First Assistant Attorney General D. A. Simmons advised appellant, as Secretary of State, that cotton exchange corporations were not exempt from payment of the annual franchise tax under article 7094; and on October 2, 1929, appellant, as Secretary of State, demanded the tax of appellee for each year since its incorporation.

These facts, as held in our original opinion, show legislative knowledge and acquiescence in this departmental construction of article 7094, as exempting at least the three classes of corporations above named and organized under article 1302, subd. 53; and we think

that the state should not, after this continuous practice for 15 years, now assert the right to the tax. In the recent case of Oden v. Gates (Tex. Com. App.) 24 S.W.(2d) 381, it was held that it would be presumed, absent specific language in an act amending a doubtful statute which a department of the state government had construed in a certain manner for 25 years, to be the intention of the Legislature to continue the departmental construction of the statute. But if any question would be raised that the above facts do not show legislative knowledge of and acquiescence in the departmental construction of the statute, then we think recent acts of the Legislature conclusively show its knowledge and acquiescence therein. The one act in particular is House Bill 38, entitled, "Occupation Tax on Exchanges" (Forty-First Legislature, Fifth Called Session). This act imposed an occupation tax of from $100 to $250 per annum upon cotton exchange corporations organized under article 1302, subd. 53, supra; and, as reasons for its emergency clause, the act recites the "fact * * * persons and companies engaged in conducting such business pay only an ad valorem tax on the property they own creates an emergency," etc. It is therefore clear that, since the act recites that no tax is now being paid by cotton exchange corporations, one of the class which along with appellee's class of corporations had been exempted by the department from payment of a franchise tax for fifteen years, the Legislature must have necessarily ascertained the facts recited in the emergency clause, and by necessary implication ascertained that corporations similar to appellee were also being exempted from payment of the tax.

We also call attention to the fact that, since this opinion was announced, the Forty-First Legislature, at its Fifth Called Session, has amended Article 7084, the statute which imposed the tax sought to be collected by this suit. The article formerly read, "provided, that such franchise tax shall not in any case be less than ten dollars." It was amended so as to read, "provided, that such tax shall not be less than Ten Dollars ($10.00) in the case of any corporation, including those without capital stock." We construed article 7084 to impose the tax as it formerly existed, and call attention to the amendment as a matter of history of the statute and as significant of the fact that the Legislature has attempted to clarify the statute.

We overrule the motion for a rehearing.

Overruled.