

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable William J. Tucker
Executive Secretary
Game, Fish & Oyster Commission
Austin, Texas

Dear Sir:

Opinion No. O-4861
Re: Under the facts submitted, should the Simms Food Market be required to procure a wholesale fish dealer's license?

You have requested the opinion of this department on the above stated question, based upon a statement of facts which we have taken the liberty of summarizing as follows:

Mr. Walter Simms operates in the City of Austin a business house known as Simms Food Market, at which he makes sales at retail of aquatic products, and which is covered by a retail fish dealer's license. He also owns and operates several trucks, from which sales of fish are made at wholesale. The drivers of the trucks, operating from the trucks, take wholesale orders for aquatic products, and make deliveries from the trucks in fulfillment of such orders. Each such truck is covered by a wholesale truck dealer's fish license. The question whether Mr. Simms is also liable for the payment of a wholesale fish dealer's license on his place of business in Austin arises from the following additional facts:

A. The retail store in Austin is also headquarters for the wholesale trucks. The fish with which the wholesale trucks are supplied are bought by and shipped to the Simms Food Market, and there parcelled out to the wholesale trucks, as the trade of each may require.

B. Sometimes a wholesale truck driver will take a wholesale order for aquatic products, and then, instead of filling the order by a delivery from the wholesale truck, will ship the order to the customer from the Simms Food Market in Austin by express or common carrier truck line.

The following provisions of Article 934a, Revised Penal Code of 1925, are applicable to the problem presented:

"Section 1. The following words, terms and

phrases used in this Act are hereby defined as follows:

". . . . .

"(b)  A 'Wholesale Fish Dealer' is any person engaged in the business of buying for the purpose of selling, canning, preserving or processing, or buying for the purpose of handling for shipment or sale, fish or oysters or shrimp or other commercial edible aquatic products, to retail fish dealers, and/or to hotels, restaurants or cafes and to the consumer.

"(c)  A 'Retail Fish Dealer' is any person engaged in the business of buying for the purpose of selling either fresh or frozen edible aquatic products to the consumer.

". . . . .

"Section 3.  The licenses and the fees to be paid for the same are hereby provided for in this Act and are as follows:

". . . . .

"a.  Wholesale Fish Dealers License, fee for each place of business, Two Hundred Dollars ($200.00).

"2a.  Wholesale Truck Dealers Fish License, fee for each truck, One Hundred Dollars ($100.00).

". . . . .

"11.  Place of business, as used in this Act, shall include the place where orders for aquatic products are received, or where aquatic products are sold, and if sold from a vehicle, the vehicles on which, or from which, such aquatic products are sold, shall constitute a place of business. . . . . (As amended, Acts 1934, 43rd Leg., 3rd C. S., p. 83, Ch. 40, Sec. 1; Acts 1935, 44th Leg., p. 808, Ch. 345, Sec. 1)."

As pointed out by you, nowhere in the law is the phrase "Wholesale Truck Dealer" defined.

A careful reading of the above provision relating

to "place of business" convinces us that where aquatic products are sold only from trucks, it is not intended to levy a license fee upon the warehouse or other place where the fish are received and distributed to the trucks, in addition to the license fee levied upon each truck. Thus, under the facts stated in "A" above, standing alone, the Simms Food Market is not required to purchase a Wholesale Fish Dealer's License, in addition to the truck dealer's licenses.

But the facts under "B" above present a different situation. Under those facts, the aquatic products are not sold on or from the trucks -- the only use made of the trucks being to permit the salesmen to call upon customers and take orders. The sales are in fact made from the business house in Austin -- wholesale shipments being made from it direct to the customers by common carriers. To permit such a business to be conducted by one who possesses only a Wholesale Truck Dealer's Fish License, for which he has paid $100.00, would be an unjust discrimination against one who had paid $200.00 for a Wholesale Fish Dealer's License, for it would permit the purchaser of the $100.00 license to do everything which the purchaser of the $200.00 license is permitted to do, and more besides.

Article 7, Penal Code of 1925, provides:

"This Code and every other law upon the subject of crime which may be enacted shall be construed according to the plain import of the language in which it is written, without regard to the distinction usually made between the construction of penal laws and laws upon other subjects; and no person shall be punished for an offense which is not made penal by the plain import of the words of a law."

"As regards the construction of a statute, it is presumed that the Legislature intended that it should be given a just and reasonable interpretation." 39 T. J. 247 (citing Lacey v. State Banking Board, 118 Tex. 91, 11 S. W. (2d) 496.)

"It is not presumed that the Legislature intended to do or require an absurd or unfair thing." 39 T. J. 246 (citing Davis v. Payne (Civ. App. 179 S.W. 60; City of Tyler v. Texas Employers' Ins. Assn. (Com. App.) 288 S. W. 409, rehearing denied 294 S. W. 195, and Oden v. Gates, 119 Tex. 76, 24 S. W. (2d) 381.)

It is therefore our opinion that, under the facts stated in "B", above, the Simms Food Market is required to purchase a Wholesale Fish Dealer's License.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/W. R. Allen
W. R. Allen
Assistant

WRA:db:wc


APPROVED OCT 29, 1942
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman