

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 3, 1970

Mr. Tommy V. Smith                    Opinion No.570
Commissioner
Bureau of Labor Statistics    RE:   Whether H.B. 156, Minimum
Capitol Station                      Wage Act of 1970 is applic-
Austin, Texas  78711                 able to employees of motion
                                     picture theatres who are
                                     exempted under the provisions
                                     of the Federal Fair Labor
                                     Standards Act of 1938, as
Dear Mr. Smith:                      amended.

By letter of January 2, 1970 you have requested an opinion concerning H.B. 156, Minimum Wage Act of 1970 Acts 61 Leg. Reg.Session, Ch. 769, p. 2348 (1969) (Article 5159d, Sections 1-16, R.C.S. of Texas) which becomes effective February 1, 1970. Rephrased, your question is as follows:

"Is H.B. 156, Minimum Wage Act of 1970, applicable to employees of motion picture theatres who are exempted under the provisions of the Federal Fair Labor Standards Act of 1938, as amended."

Section 4(a) of the Texas Minimum Wage Act of 1970 reads as follows:

"The provisions of this Act shall not apply to any person covered by provisions of the Federal Fair Labor Standards Act of 1938, as amended." (Emphasis added)

Section 213 of the Federal Fair Labor Standards Act of 1938 (29 U.S.C. 213) contains numerous specific exceptions, among which is subsection (a)(9), which reads as follows:

"(a) The provisions of Section 206 and 207 of this title shall not apply with respect to

> "(9)   Any employee employed by an establishment which is a motion picture theater;"
> (Emphasis added.)

Sections 206 and 207 of the Federal Fair Labor Standards Act provide for minimum wages and maximum hours for certain individuals not exempted by Section 213.

Section 4(a) of the Texas Minimum Wage Act of 1970 is an express exception to the general rule and policy as stated in other provisions of the act.  It has long been the rule of the courts to construe exceptions and provisions strictly.  Missouri-Kansas-Texas Railroad Co. of Texas v. Thomason, 280 S.W. 325 (Ct.Civ.App. 1926) err. ref.  The language of a statute is presumed to have been selected by the legislature and used with care and deliberation with full knowledge of all existing statutes on the subject matter.  53 Tex.Jur.2d 270, Sec. 181; Robertson v.State, 406 S.W.2d 90, Ct.Civ.App. 1966, err. ref. n.r.e.  Where questions arise concerning the interpretation of the words used in the statute, the Texas Legislature has provided that the ordinary signification shall be applied to those words.  Art. 10, R.C.S.

As commonly understood the word "provisions" means articles, clauses or stipulations.  Webster's 3rd New International Dictionary, Unabridged, 1969, p. 1827.  Obviously all sections of an enactment are "provisions" within the ordinary signification of that word, regardless of the contents of those provisions.  Consequently, Section 213 of the Federal Fair Labor Standards Act of 1938, and the amendments thereto, collectively comprise one of the "provisions" of the federal wage and labor act or agreement. Insofar as we are aware, the words "covered by" have never been interpreted by the courts of Texas.  The words "covered by" are ordinarily defined as "included in the group with respect to which a particular agreement is in force." Webster's 3rd New International Dictionary, Unabridged, 1969, p. 524.  To cover a person would mean to protect him by means of a minimum wage provision.  In the field of insurance, to "cover" is interpreted as meaning to protect by way of insurance.  See Black's Law Dictionary, 4th Ed., p. 439, "cover."  The Federal Act is a particular undertaking to include certain employees and businesses under regulations

as to maximum hours and minimum wages and exclude other employees as amended in Sec. 213. The Federal Act is not in force and does not regulate those persons Sec. 213 exempts.

The words of the statute and their significance as used may be determined with reference to the object and purpose of the enactment, reading the intention and meaning of the legislature from the statute as a whole. Oden v. Gates, 119 Tex. 76, 24 S.W.2d 381, 1930. Owens v. Stovall, 64 S.W.2d 360 (Ct.Civ.App. 1933) err. ref.; 53 Tex.Jur.2d 191, Sec. 130.

Consideration of the policy and the whole of the Texas Minimum Wage Act of 1970 make it clear that the legislature was primarily concerned in specifically excluding from Texas regulations any employee protected or regulated by the Federal Act. Those persons not included in Sec. 213 of the Federal Act (Sec. 213) are subject to regulation of the Texas Act, except where the Texas Act (Sec. 4[a]) specifically exempts some of these same individuals, e.g., certain telephone employees. The Texas Act seeks to avoid conflict with the wage and hours regulations of Sections 206 and 207 of the Federal Act and to accomplish its purpose by regulating those employees in areas which the Federal Act has not pre-empted. Although a strict interpretation of express exceptions is usually employed, it is axiomatic that a statute may be liberally construed to effectuate the general remedies sought.

The express exemption of Sec. 4(a) of the Texas Minimum Wage Act of 1970 only exempts those employees which are regulated, or covered by, the provisions of the Federal Fair Labor Standards Act of 1938. Under this reasoning, it is therefore the opinion of this office that motion picture employees are not among those persons under the Federal Fair Labor Standards Act "covers" and are therefore subject to regulation by the Texas Minimum Wage Act of 1970.

## SUMMARY

Motion picture employees are not among those persons "covered by" provisions of the Federal Fair Labor Standards Act of 1938, as amended, and are therefore subject to regulation by the Texas Minimum Wage Act of 1970.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bennie W. Bock II
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman

Monroe Clayton
Earl Hines
Houghton Brownlee
Jack Dillard

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant