

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 18, 1971

Honorable Cecil M. Pruett
County Attorney
Hutchinson County Courthouse
630 North Deahl
Borger, Texas 79007

Opinion No. M-937

Re:  Several questions relating to con-
struction of S. B. 885, Acts 62nd
Legislature, R.S., 1971, amend-
ing Article 3268, Vernon's Civil
Statutes, relating to eminent do-
main proceedings.

Dear Mr. Pruett:

    In response to your request for an opinion concerning the construction
of S. B. 885 and its application to the statutory provisions regulating the de-
posit of security pending the appeal of a condemnation case, your questions
are restated and answered as follows:

   1.  Is the deposit provided for in Section 2 of Article
       3268*, before the amendment, to be held, together
       with the award, itself exclusively to secure all
       damages that may be adjudged against the plaintiff
       and therefore a portion of the deposit of money pro-
       vided for in Article 1, Section 17 of the Constitution?

   2.  Is the further sum of money provided for in Section
       2-a of Article 3268, as amended by S. B. 885, a por-
       tion of the deposit of money provided for in Article 1,
       Section 17 of the Constitution?

    It is our opinion that the deposit of the amount of the Commissioners'
Award is sufficient to satisfy the Constitutional requirement of the deposit of

---

* All references to Articles are to Vernon's Civil Statutes, unless otherwise
indicated.  Section 1 of Article 3268 provides for a deposit of money subject
to the order of the condemnee in compliance with the constitutional requirement
of a monetary deposit, and this section is not affected in the question posed.

-4565-

money provided for in Article 1, Section 17 of the Texas Constitution and that any additional deposits that may be required are not required to be in money. Section 2, S.B. 885, supra.

The Texas Supreme Court in 1888 by way of dicta indicated that when the condemnor pays into the court the amount of the Commissioners' Award the Constitution has been satisfied. Ackerman v. Huff, 9 S.W. 236 (Tex. Sup. 1888.)

Legislative enactments are presumed to be valid and doubts about their constitutionality should always be resolved in favor of constitutionality. Duncan v. Gabler, 215 S.W. 2d 155 (Tex. Sup. 1948) and Imperial Irr. Co. v. Jayne, 104 Tex. 395, 138 S.W. 575 (Tex. Sup. 1911.)

Another rule of construction is that constitutional provisions are to be construed in the light of the conditions existing at the time of the adoption. Travelers' Ins. Co. v. Marshall, 76 S.W. 2d 1007 (Tex. Sup. 1934); Cramer v. Sheppard, 167 S.W. 2d 147 (Tex. Sup. 1942.)

Article 1, Section 17 of the Texas Constitution was adopted in its present form in 1876.

"No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such persons; and when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money."

Original Article 3268, Section 2, with the provision that an additional amount "equal to the amount of the damages awarded by the Commissioners' shall be deposited with the court, was not adopted until 1930.

The Texas Supreme Court decision in Jones v. Ross, 173 S.W. 2d 1022, 1024 (Tex. Sup. 1943) is directly in point.

The Supreme Court stated:

"It is the settled law of this State that the provisions of our State Constitution mean what they meant when they were

promulgated and adopted, and their meaning is not different at any subsequent time.  Constitutional provisions must be construed in the light of conditions existing at the time of a-doption, and it does not lie within the power of the legislature to change their meaning, or to enact laws in conflict therewith. (Citing Travelers' and Cramer) . . . They therefore cannot affect such cases one way or the other. "  (Emphasis added. )

It therefore follows that neither Article 3268, Section 2, nor its amendment by S. B.  885 being enacted subsequent to the promulgation and adoption of Article 1, Section 17, would have any effect upon the constitutional provision of deposit of money.

Our opinion is further substantiated from a review of the legislative history of Article 3268 and its predecessor, Article 4471.  See Thomas v. Housing Authority of Dallas, 264 S. W. 2d 93 (Tex. Sup.  1953); Davidson v. Texas & N. O. R.  Co. , 67 S. W.  1093 (Tex. Civ. App.  1902, no writ. )

> 3.  Does the Constitution permit the Legislature to provide that a bond be deposited in lieu of the deposit of money as set out in Section 2-b of Article 3268, as amended by S. B.  885?

It is our opinion that since the additional deposit required by Section 2 of Article 3268, as amended by S. B.  885, does not need to be in money to satisfy Article 1, Section 17 of the Texas Constitution, it is within the power of the Legislature to provide that a bond may be substituted in lieu of a money deposit to satisfy the requirements of Article 3268, Section 2.

The Legislature in enacting eminent domain legislation may not in any manner lessen the absolute obligation of the condemning authority to compensate the owner "in money. "  Buffalo Bayou, Brazos & Colorado Railroad Co. v. Ferris, 26 Tex.  588, 589; City of San Antonio v. Astoria, 67 S. W. 2d 321, 322, aff.  96 S. W. 2d 783 (Tex. Comm. App.  1936), reh.  den.  97 S. W. 2d 944.

> 4.  Does the Constitution permit the Legislature to provide that the deposit of money as set out in the Constitution, may be satisfied in part by a deposit of money and in part by a bond?

As we have previously stated, only the amount of the Commissioners' Award is necessary to satisfy the Constitutional requirement of <u>deposit of money</u>, and therefore, any additional deposits enacted by the Legislature may take whatever form they decide upon.

It does not, however, follow that additional legislative protection for condemnees must also meet this constitutional requirement of "in money." City of San Antonio v. Astoria, supra; <u>Buffalo Bayou, Brazos & Colorado Railroad Co. v. Ferris</u>, supra.

> 5. May the plaintiff, at this time exercise an election to substitute the bond provided for in Section 2-b of Article 3268, as amended by S. B. 885, and withdraw the money deposited?

It is our opinion that Article 3268, Section 2, as amended, must be interpreted as providing those condemning authorities which have previously deposited an additional amount of money equal to the Commissioners' Award under Section 2 of Article 3268, before amended, an opportunity to make the election contemplated in S. B. 885.

The Supreme Court in <u>Deacon v. City of Euless</u>, 405 S. W. 2d 58 (Tex. Sup. 1966) stated that in determining whether a statute is to be applied retrospectively, the legislative intent is controlling.

The Supreme Court in <u>Martin v. Sheppard</u>, 102 S. W. 2d 1036 (Tex. Sup. 1937) decided that in construing a statute the entirety of the Act should be considered in ascertaining the intent of the Legislature, including the emergency clause.

Section 3 of S. B. 885, the Emergency Clause, reads in part:

> ". . . and that this Act shall take effect and be in force for all causes <u>now pending</u> or subsequently filed after the date of its passage, . . ." (Emphasis added. )

The word "pending" means "undecided" or "undisposed of." <u>Hutchens v. Dresser</u>, 196 S. W. 969, 971 (Tex. Civ. App. 1917, error dism. )

The decision in the case of <u>Texas Midland R. R. v. Southwestern Telegraph & Telephone Co.</u>, 58 S. W. 152, 153 (Tex. Civ. App. 1900, no writ), is directly in point.

The court concluded:

". . . that the statute applied to condemnation proceedings pending at the time it went into effect, and that the telephone company was entitled to the benefits of the same."

We will now consider and answer together your sixth and ninth questions.

6.  Does this amendment of the Eminent Domain Statutes supercede the provisions contained in the County Depository Law in reference to the deposit of Trust Funds so that the plaintiff may require the deposit made under Section 2-a of Article 3268 as amended, be deposited in a bank which is not the County Depository for Trust Funds?

9.  Does such provision in Section 2b of Article 3268, as amended by S. B. 885, supercede the provision contained in the County Depository Law in reference to Trust Funds so that the interest on these funds should be paid to the plaintiff rather than to the County?

Article 3268, as amended by S. B. 885, supercedes by implication those subsections of Article 2558-2 applicable to Article 3268.

The Supreme Court of Texas has consistently held that a new enactment will by implication repeal existing enactments if there is a clear and manifestly indicated conflict. See, for example, <u>State v. Easley</u>, 404 S. W. 2d 296, 300 (Tex. Sup. 1966.)

Whether or not there is conflict depends upon the legislative intent according to an early Supreme Court decision in <u>St. Louis S. W. Ry. Co. v. Kay</u>, 85 Tex. 558, 22 S. W. 665, 666 (Tex. Sup. 1893.)

The intent of the Legislature in enacting S. B. 885 is clear.

"The fact that there are many plaintiffs involved in condemnation cases now pending in the courts of this State who have been compelled under existing law to dedicate large sums of working capital to such litigation prior to taking possession of properties, together with high interest rates now existing, create an emergency . . ."

Thus, the legislative intent of S. B. 885 would necessarily by implication repeal the application of Section 9 of Article 2558-a to the deposit of funds under Article 3268.

The language of S. B. 885, page 2, makes it quite clear when it specifies that:

". . . The interest accruing from such account, certificate or security, if any, shall be paid to the plaintiff."

It therefore would also necessarily repeal by implication that portion of Section 4a of Article 2558-a applicable to Article 3268, which specifies that the interest earned shall go the county.

7. Should the plaintiff require the funds to be placed in a bank which is not the County Depository of Trust Funds, may the Court require such bank to provide a bond, or enter into a pledge contract, similar to that required of a County Depository to protect the funds, before the funds are delivered to such bank?

There is no statutory authority in S. B. 885 nor in Article 2558-a directing the Court to require a bond from a bank selected by the condemnor as a depository for the deposit as required in Article 3268, Section 2.

Nor can any legislative intent be gleaned from S. B. 885 directing the Court to require "such bank to provide a bond, or enter into a pledge contract, similar to that required of a County Depository to protect the funds, before the funds are delivered to such bank."

The nonexistence of this intent can be inferred from the fact that S. B. 885 contains no provisions relating to a court requiring such bank to deposit a bond or provide a pledge.  Red River Nat. Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923 (Tex. Sup. 1918); Oden v. Gates, 119 Tex. 76, 24 S. W. 2d 381 (Tex. Comm. App. 1930); Freels v. Walker, 120 Tex. 291, 26 S. W. 2d 627 (Tex. Comm. App. 1930), reh. denied; Magnolia Petr. Co. v Walker, 125 Tex. 430, 83 S. W. 2d 929 (Tex. Sup. 1935.)

> 8.    In the event the Court and Clerk is required by the plaintiff to place the funds in a bank other than the County Depository for Trust Funds, and there is a loss because of bank failure, who should sustain the loss: A, The Plaintiff; B, The Defendant; C, The Clerk; D, The Court; or E, The County?

In the event that there is a bank failure the condemnor should sustain any loss.  Texarkana & Ft. S. Ry. Co. v. Brinkman, 288 S. W. 852 (Tex. Civ. App. 1926), affirmed in 292 S. W. 860 (Tex. Comm. App. 1927) and City of San Antonio v. Astoria, supra.

Under the provisions of Article 3268, Section 2, as amended, the Court, the Clerk and the County are nothing more than conduits between the condemnor and the bank.  The condemnee never has any right to the money nor does he exercise any control over the deposit.  On the other hand, the condemnor selects the bank and is entitled to all interest earned by the deposit. It would be only just that should there be any loss, the condemnor should bear it.

## SUMMARY

Senate Bill 885, Acts 62nd Legislature, R. S. , 1971, as it amends Article 3268, V. C. S. , does not violate the constitutional requirement of deposit of money of Article 1, Section 17 of the Texas Constitution.  Further, it is our opinion that it was the intent of the Legislature in enacting S. B.  885 to provide condemnors the full benefits thereunder at any stage of the litigation process short of a final adjudication.  Additionally, S. B.  885 repeals those sections

of Article 2558-a, V.C.S., in their application to Article 3268, V.C.S., as amended. Finally, should there be a bank failure involving a deposit under Article 3268, the condemnor would bear the loss.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ronald Edwin Tigner
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W.E. Allen, Co-Chairman

W.O. Shultz
R.V. Smith
Jerry Roberts
Sam McDaniel

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant