William Jasper BELL, Appellant,

v.

Louie SPRAGGINS and Loren Howe,
Appellees.

No. 7289.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 21, 1963.

Rehearing Denied Nov. 11, 1963.

Harris E. Lofthus, Amarillo, for appellant.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellees.

NORTHCUTT, Justice.

This is a false imprisonment case brought by William Jasper Bell, as plaintiff, against Louie Spraggins and Loren Howe, as defendants. For convenience Bell will hereafter be referred to as appellant and Spraggins and Howe as appellees. The appellees were employed as detectives by the Police Department of the City of Amarillo. Appellant pleaded that on August 13, 1962, he was informed by a friend that appellees wanted him to come to the police station to answer some questions and that in compliance with such information he went to the police station and submitted to questioning after which appellant and others were taken by appellees to various places in process of investigation of a suspected theft and subsequently returned to the police station. The appellant then alleged he was not guilty of any crime but immediately upon returning to the police station he was taken upstairs and lodged in the City Jail where he was fingerprinted and pictures taken and he was then placed in a cell with other prisoners, one of whom attacked and beat him. Appellant further alleged he was detained in custody by appellees from about 10:00 a. m. until about 4:00 p. m. on the same day without warrant, complaint, commitment, or any other process of any kind and was released from custody with no charge ever having been placed against him. Then appellant pleaded his damages. The appellees answered contending that from the information furnished them by the complaining witness that appellee, Spraggins, asked the appellant and some other boys to come to the police station and Spraggins, after

talking with the boys a short time knew that he had the group that had stolen the transmission in question and that was the reason appellant was committed to jail. Appellees further pleaded they did no more than perform their duties as members of the Police Department of the City of Amarillo and were carrying out a governmental function in a proper and lawful way.

The case was tried to a jury upon three special issues. Special Issue No. One was as follows:

"Do you find from a preponderance of the evidence, if any, that at the time plaintiff was arrested on August 13, 1962, he was found by defendants under the circumstances which reasonably showed that plaintiff had been guilty of a felony?"

The jury answered "yes". Special Issue Two asked as to plaintiff's damages. The jury answered "none". The third issue asked if defendants in arresting the plaintiff acted willfully and maliciously with the design to oppress and injure the plaintiff. The jury answered "no". Judgment was granted that appellant recover nothing.

Appellant filed his motion for a new trial upon three assignments of error as follows:

"FIRST: That the court erred in overruling plaintiff's motion for instructed verdict on the issue of liability, for the reason that every material allegation of fact contained in plaintiff's original petition on the issue of liability was admitted and proved by both plaintiff and defendants, leaving no disputed issue of fact for submission to the jury;

"SECOND: That none of the defenses raised by defendants were legal defenses to an action for false imprisonment, said alleged defenses not affecting the issue of liability but only going to mitigation of damages therefor;

"THIRD: That the finding of the jury in answer to Issue No. 2 that plaintiff suffered no actual damages is directly contrary to the evidence;"

Rule 374, Texas Rules of Civil Procedure provides that "A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived." Wagner v. Foster, 161 Tex. 333, 341 S.W. 2d 887 (Supreme Court). It has often been held that a motion for new trial in a jury case constitutes the assignments of error to be reviewed by the appellate courts and that an assignment of error is necessary to entitle a point to be considered on appeal. Johnson Aircrafts v. Wilborn, Tex.Civ. App., 190 S.W.2d 426; Miller v. Long-Bell Lumber Co., Tex.Civ.App., 217 S.W. 2d 867 (affirmed by the Supreme Court).

Although appellant has filed two different briefs in this case on his different points of error, we will attempt to consider all points raised by his motion for a new trial. The first point raised in the motion for new trial contends there was no disputed issue of fact for submission to the jury. This was purely a no-evidence contention. However, appellant contends the court should have held as a matter of law that appellees were liable under the facts of this case and the only issue that should have been submitted to the jury was as to the amount of damages. To agree with appellant's first point in his motion for new trial it would be necessary to hold that appellees pleaded and proved no defense as to false imprisonment.

It was appellees' contention they were permitted to arrest appellant without first obtaining a warrant because of a city ordinance authorizing them to make such arrest. The city ordinance in question provided a policeman may, without a warrant, arrest any offender or alleged offender when persons are found in suspicious places, or under circumstances which reasonably show that such persons have been guilty of some felony. The court charged the jury as follows:

"You are instructed that under the Ordinances of the City of Amarillo a police officer may arrest without war-

rant when persons are found in suspicious places, or under circumstances which reasonably show that such persons have been guilty of some felony, or threaten or are about to commit some offense against the laws of the State or Ordinances of the City. This ordinance is passed pursuant to authority given the City under the Statutes of the State of Texas."

The appellant did not in any manner object to that portion of the charge but made the following objection to the submission of Issue One:

"Plaintiff objects of Issue no. 1 on the ground that it fails to take into consideration the statute which requires that persons found under circumstances which reasonably show that such person had been guilty of a felony must also be shown to have been so found in a suspicious place; that said statute is not severable and may not be applied to the disjunctive, but the suspicious place and suspicious circumstances must concur in order to render such arrest lawful."

Almost the identical ordinance using the word "or" was held to be valid in Citizens Hotel Co. v. Foley, Tex.Civ.App., 131 S.W. 2d 402 (writ dismissed, judgment correct), the court held:

"And Section 1 of Ordinance No. 512 reads: 'All policemen in the City of Fort Worth, in the exercise of a sound discretion, may arrest without a warrant therefor, any person or persons found in suspicious places, or any person or persons found under circumstances reasonably tending to show that such person or persons have been guilty of some felony or breach of the peace, or violation of some municipal ordinance, or about to commit some offense against some State law or against some municipal ordinance.' Article 214, Code Criminal Procedure, provides for the passage of such an ordinance by municipalities as that above quoted.

Such ordinances have been held by our courts to be valid. San Antonio & A. P. R. Co. v. Griffin, 20 Tex.Civ.App. 91, 48 S.W. 542, writ refused; Pratt v. Brown, 80 Tex. 608, 16 S.W. 443."

. Article 1169, Texas Penal Code, defines false imprisonment as follows:

"False imprisonment is the wilful detention of another against his consent and *where it is not expressly authorized by law,* whether such detention be effected by an assault, by actual violence to the person, by threats or by any other means which restrains the party so detained from removing from one place to another as he may see proper." (Emphasis ours).

■ If there was sufficient evidence under the circumstances to reasonably show that appellant was guilty of stealing the transmission in question and that the transmission was of the value of $50 which would be a felony, Article 1421, Texas Penal Code, we think appellees had the right to arrest the appellant as was done in this case and would not be guilty of false imprisonment under this record.

■ It is undisputed that the property involved was of the value of $50 or more and that it was taken without the consent of the owner and was concealed from the owner. The question is whether there was sufficient circumstances to tie the felony crime to appellant to justify the appellees taking the steps they did. A Mr. Grant, the owner of the transmission in question, went to the appellees and told them the transmission of the value of $50 or over had been stolen and that he had a good idea who stole the property; that prior to the theft some boys drove up to his place of employment and inquired about purchasing the transmission; that he offered to sell the transmission to them for $50; that they left, stating they would be back; that from their actions he felt they would come back and steal the transmission; that he took precautions and chiseled identification marks

on the transmission and also took the license plate number of the automobile in which the boys were riding. After receiving this information, Spraggins learned from the information given him by Grant that the automobile was driven by one Charles Eaton on the occasion when the boys inquired about buying the transmission. Eaton told Spraggins that appellant and Jack Frye were with him when he talked to Grant but did not name any other boys. Spraggins told the boys to tell appellant to come with him to the police station that he wanted to talk with them. The boys came in and Spraggins questioned them individually and as a group. The boys remained silent during most of the questioning. The boys at first refused to give Spraggins consent for him to search their premises until one of the boys nodded that it was all right, then all agreed. During the questioning a fourth boy by the name of Charles Reed, a boy Spraggins had had trouble with, came in inquiring when the boys would be through. When Reed was leaving the police station one of the boys told Reed to clean out his car. It was at this time the three boys, appellant, Frye, and Eaton were arrested. Appellee, Spraggins, sent the three boys up to jail and tried to observe where Reed was going, thinking that probably the transmission was in Reed's car and he intended to hide the transmission but soon thereafter Reed returned and told Spraggins that he was under probation and did not want to have any trouble but all three of the boys, meaning appellant, Frye, and Eaton, knew all about the transaction and later Eaton pled guilty and the other boys were released. Spraggins recommended the minimum penalty for Eaton and he received the minimum punishment. We believe there was sufficient evidence to sustain the finding of the jury that when appellant was arrrested he was found by appellees under circumstances which reasonably show that he had been guilty of a felony.

■ We think the question of no damage to the appellant as found by the jury became immaterial, since the finding of the jury was in favor of appellees showing no false imprisonment. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W. 2d 334 by the Supreme Court. Finding no error presented, the judgment of the trial court is affirmed.