J. M. DONALD et al., Appellants,

v.

Gene BENNETT et al., Appellees.

No. 16825.

Court of Civil Appeals of Texas.

Fort Worth.

April 28, 1967.

Rehearing Denied May 26, 1967.

Anderson & Connell, and Henry J. Anderson, Wichita Falls, for appellants.

Nelson, Montgomery & Robertson, and Otis E. Nelson and Ernest Robertson, Wichita Falls, for appellees.

## OPINION

LANGDON, Justice.

This is a suit for monies allegedly owed to the plaintiffs arising out of 73 transactions described and listed in the plaintiffs' petition filed on February 17, 1965. These 73 items are summarized as follows:

Thirty-six (36) promissory notes, the earliest of which was dated November 6, 1950 and the latest on September 9, 1955. Twenty-nine (29) of the notes were payable on demand. Date of payment was not specified in four (4) of them. Three (3) were made payable in periods of 60 days to 1 year. There were three (3) $40.00 notes listed, one of which was undated. Plaintiffs' exhibit 1–gg reflects the date as being November 11, 1954. The other two $40.00 notes were likewise among the exhibits.

Twenty-eight (28) checks representing money advanced to defendants, bills paid for them, checks cashed and checks made good. The earliest check was dated January 30, 1952 and the latest in December, 1954.

1—draft dated May 20, 1950.

1—I.O.U. dated May 23, 1953.

1—advancement to third party by wire at instance of defendants on January 5, 1950.

2—rental items—(not alleged to be in writing) the first was for a period of 24 months at $20.00 per month and allegedly $480.00 has been owed since January 17, 1955. The second item was for 36 months at $75.00 per month. Allegedly $2800 was owed (it figures $2700.00) on which amount interest is allegedly due since 1961. (It is undisputed that the defendants built their own building in Bowie in 1959 and 1960 and have occupied it since that time.)

3—Items for attorneys' fees as follows:

"(70) Attorney fee in District Court, Young Co., Texas. * * *" A note dated June 2, 1955 contains the notation, "In Young County Case." (Pltfs'. Ex. 7, S/F 388–A).

"(71) Attorney fees in re Dayton, Ohio case—probation and paying as Court demanded: 3 trips and expenses * * * to Dayton, Ohio, etc." Item No. 63 includes expenses for Dayton trip in March of 1955 and Item No. 73 reflects that the court matter in Dayton, Ohio was settled in December, 1955.

"(72) Fee (not alleged to be in writing) District Court in Epstein Case as filed in District Court, Montague County, Texas and expenses in going to Bloomington, Illinois etc. for both Bennetts and J. M. Donald". Item 13 of the June 1, 1962 instrument reads "Fee Epstein case DC Montague and Fed Court (Trips Illinois". A note dated May 2, 1956 contains the notation, "Fee in Indianapolis matter." (Pltfs'. Ex. 7)

1—Account of third party (Item 73, for mud and chemicals used in drilling was settled and interest allegedly is due since January 1, 1956.

By way of summary the 73 items consisted of 36–notes, 28–checks, 1–draft, 1–I.O.U., 1–advancement, 2–rental items, 3–items of attorneys' fees and 1–account. Each item specified the amount due including interest.

It is undisputed that the relationship or association between the plaintiffs and the defendants terminated about 1956. That after 1956 the transactions between them were limited to the occasional purchase of leases by the defendants from Paul Donald and the Montague Cattle Company, in which Mr. J. M. Donald had no interest. That after 1956 the defendants were not furnished any money by the plaintiffs.

"Paper payable on demand is due and actionable immediately without demand. When an instrument specifies no day of payment it is payable on demand and is construed as containing equivalent words on its face." 9 Tex.Jur.2d 70, § 62, Bills and Notes. The same text p. 71, § 63 states, "A bill or order that expresses no time of payment becomes, on acceptance, due on demand, unless there is some understanding or agreement deferring the due date." There are no allegations as to any agreements to defer due dates in the case at bar.

The plaintiffs further alleged that the defendants executed an instrument in writing dated June 1, 1962 in which they acknowledged owing the entire indebtedness sued upon. The instrument referred to consisted of 18 items (listing the amount of money involved including interest) which in effect summarized the 73 items above referred to. Stated another way the indebtedness represented by the seventy-three transactions was the same indebtedness covered by the instrument allegedly executed on June 1, 1962.

The defendants plead the two and four year statute of limitations and denied under oath the signing of the June 1, 1962 instrument.

Each of the 73 items listed in the plaintiffs' pleadings was offered or tendered into evidence. Each was objected to on the same ground namely that it appears on the face of each such instrument that same is barred by the statute of limitations.

The court sustained the objection to the introduction of the 73 items into evidence and determined as a matter of law that all of such items upon which the plaintiffs' suit was based and which were offered or tendered into evidence were barred by limitation unless the instrument dated June 1, 1962 allegedly executed by the defendants acknowledging the indebtedness evidenced by such items was effective to toll the statutes under Article 5539, Vernon's Ann.Tex. Cir.St.

The court stated that the plaintiffs would be entitled to judgment for the entire amount of the indebtedness contained therein if the jury found that the defendants signed the June 1, 1962 agreement and would be entitled to nothing if the jury found to the contrary.

The plaintiffs did not at this point nor elsewhere in the proceedings make any contention nor offer any evidence to the effect that the (73) items or any of same listed in their pleadings were not barred by the statute of limitations. No such contention is made in their brief. Their petition was silent on this point except to reflect that such items on their face were barred by the limitation statutes unless the agreement in question was effective to toll same. There were no bills of exception with attached exhibits contending that one or more of the 73 items was not on its face barred by the statute of limitations.

Defendants denied under oath that they had signed the instrument dated June 1 1962. They did not under oath deny the justness of the 73 items or challenge the June 1, 1962 instrument on the grounds of failure of consideration.

Upon trial to the jury the court submitted a single issue which inquired as to whether or not the defendants signed the instrument of June 1, 1962. The jury answered, "They did not." Based upon this verdict the trial court entered judgment for defendants. Appellants do not attack the verdict.

We affirm.

This is not a suit on a sworn account supported by affidavit under Rule 185, Texas Rules of Civil Procedure, which would require that the account consisting of the 73 items be taken as prima facie evidence thereof in the absence of a written denial, under oath, stating that such claim is not just or true, in whole or in part.

Rule 93, T.R.C.P. "Certain Pleas To Be Verified" Section (k), requires that a pleading to the effect that an account which is

the foundation of the plaintiff's action and *supported by affidavit* (emphasis added) is not just shall be verified by affidavit. Thus under these rules it is not necessary to deny under oath the justness of a claim which is not supported by affidavit and failure to do so does not as a matter of law entitle the plaintiff to judgment on such unsworn account.

■ In suit on Sworn Accounts under Rule 185, supra, "It seems to be well settled that while a defendant, in the absence of a sworn denial of the account as provided in Art. 3736, (supplanted now by Rule 185) may prove that the account has been paid, or that it is barred by limitation, or matters of confession and avoidance, or set up a proper counterclaim, yet he cannot by testimony show that the account is not just or true or lawfully chargeable to him." Yelton v. Bird Lime & Cement Co., 161 S.W.2d 353 (San Antonio Civ.App., 1942, error refused, w. m.).

■ Rule 94, T.R.C.P. "Affirmative Defenses", which includes statute of limitations, does not require the plea to be verified.

■ The same rule announced in the Yelton case, supra, would certainly permit the defendants in the case at bar to urge their defense of the two and four year statute of limitations as against the portion of the suit based upon the 73 items.

When the court determined that each of the items was barred by the limitation statutes the plaintiffs had only a single route to pursue and that was on the June 1, 1962 instrument, otherwise they were out of court. They were not confronted with an election of remedies or causes of action but with the choice of being in or out of court.

■ Appellants' points 1, 2 and 3 have to do with an exchange of views between one of the plaintiffs while on the witness stand and the court. Rule 418, T.R.C.P., provides that the points contained in appellant's brief in a jury case must be "germane to one or more assignments of error". The amended motion for new trial contains no assignment of error or any mention of the matters upon which such points could be based or be germane to. Treme v. Thomas, 161 S.W.2d 124 (Beaumont Civ. App., 1942, no writ hist.) holds, "The points upon which the appeal is predicated, within rule 418(b), must be 'germane to one or more assignments of error'; to be reviewed, the assignment of error must be advanced in support of a point of error, and must be germane to the point of error."

■ Motions for new trial in a jury case constitute assignment of errors to be reviewed by the appellate court. Assignment of error is necessary to entitle a point to be considered on appeal. Bell v. Spraggins, 372 S.W.2d 740 (Amarillo Civ.App., 1963, Ref. n. r. e.); Copeland v. Ogle, 372 S.W. 2d 731 (Amarillo Civ.App., 1963, Ref. n. r. e.). The error complained of is not fundamental. See 3 Tex.Jur.2d 462, §§ 188 and 189 and authorities cited.

■ In our opinion the court did not err in refusing to permit appellants to introduce evidence before the jury as to reasonable attorneys' fees provided for under Article 2226, V.A.C.S. in suits founded upon sworn accounts or accounts. The appellants' cause of action was limited to one founded upon the instrument allegedly signed by defendants on June 1, 1962. It contained no provision providing for attorneys' fees except for those embodied in the various items set forth in the instrument and these items would have been awarded appellants had the jury finding favored them. In view of the trial court's judgment and our affirmance thereof the matter of attorneys' fees is a moot question.

■ The court did not commit error in refusing to permit appellants to introduce into evidence each of the seventy-three items above described or various memorandums in support thereof. Such items

would have been admissible on the question of consideration had the defendants denied under oath that the June 1, 1962 instrument upon which the plaintiffs' case was founded and tried was without consideration or such consideration had failed in whole or in part as provided by Rule 93, T.R.C.P., paragraph (j). The defendants did not set up any such plea. They did deny under oath the execution of the June 1, 1962 instrument upon which the plaintiffs' pleading was founded as provided by paragraph (h) of Rule 93, supra. The signatures of the plaintiffs which may have appeared upon any of the 73 items were admissible for comparison with the questioned signatures appearing on the June 1, 1962 instrument. The court permitted introduction of the signatures for this purpose. In our opinion this limited purpose introduction was proper since the genuineness of the signatures on such instrument was the sole issue to be determined. Otherwise the contents of the 73 items had no bearing upon the case or any issues to be determined by the jury and thus were not material.

■ The deposition of the wife of one of the plaintiffs was offered in evidence and was refused. She then was called as a witness by plaintiffs and testified on direct and cross examination as to all matters contained in her deposition. Her deposition would have constituted repetition of her oral testimony.

It should be noted that plaintiffs stated they wanted to put the witness' deposition on first and then offer her as a witness to give oral testimony. No objection was made by defendants. The court then inquired of plaintiffs' counsel if he was offering both the deposition and the oral testimony of the witness and counsel answered, "yes sir." It was not error under the circumstance to refuse admission of the deposition.

■ The appellants contend that the appellees have not proved limitations, their only defense to the 73 items, because they offered no evidence before the court with reference thereto. Overlooked is the fact that allegations contained in their petition may be considered as admissions on their part and that the court is presumed to have examined the various items offered or tendered into evidence before ruling that same were barred. The record reflects that all of the written instruments were due more than four years and that the claims not based on written instruments were due more than two years before the suit was filed.

■ See McCormick and Ray, Texas Law of Evidence, Second Edition, Vol. 2, p. 33, Section 1144 to the effect that pleadings in a particular case are to be regarded as formal judicial admissions rather than ordinary admissions. The fact admitted is assumed. See also Section 1127 of same text to effect that this formal judicial admission is really a substitute for evidence. See also Allstate Ins. Co. v. Lay, 265 S.W. 2d 203, 208 (Galveston Civ.App., 1954, no writ hist., holding such admission to be evidence of the "highest dignity"); and Bosse v. Cadwallader, 86 Tex. 336, 24 S.W. 798, 801 (1894), stating that it is not necessary for either party to prove that which is distinctly alleged by the adverse party. That each party could, without reading it as evidence, avail himself of whatever admissions were made in the pleading of his adversary without admitting anything alleged therein favorable to the adversary.

■ The court did not err in holding as a matter of law that the 73 items enumerated in Paragraph III of the plaintiffs' petition were barred by the statute of limitation without any evidence being submitted thereon and in holding as a matter of law that plaintiffs only cause of action was on the June 1, 1962 agreement allegedly signed by defendants.

■ "If the plea of the statute (limitation) be interposed to a cause of action

which appears to be barred, the plaintiff must recover upon the new promise." Gathright v. Wheat, 70 Tex. 740, 9 S.W. 76.

The case of Coles v. Kelsey, 2 Tex. 541, 542, cited by the Gathright case, supra, in effect held that when an original cause of action on its face appears to be barred by limitations and the plaintiff relies on a subsequent promise to remove the bar, he must allege that promise in his petition as the foundation of his action. The original basis of his cause of action is set out only as a consideration for the subsequent promise. See also Manning v. Christian, 124 Tex. 517, 81 S.W.2d 54 (1935), and Cain v. Bonner, 108 Tex. 399, 194 S.W. 1098, 3 A.L.R. 874, holding that where there is no maintainable action on the original cause of action because of limitations the renewal contract becomes the sole foundation of the suit.

By their 16th point the appellants contend that the trial court erred in overruling each and every one of the 33 assignments of error contained in their amended motion for new trial. The point is too general and is multifarious. Some of the assignments were brought forward and briefed and others were not. We have discussed those which have been briefed. See Missouri-Kansas-Texas Railroad Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931, 941 (1956); 4 Tex.Jur.2d 159, § 651; Darling v. Panhandle & Santa Fe Ry. Co., 209 S.W.2d 660, 665 (Amarillo Civ.App., 1948, Ref. n. r. e.); Commercial Standard Insurance Company v. Ford, 400 S.W.2d 934, 935 (Amarillo Civ.App., 1966, Ref. n. r. e.).

Not one of the errors, if any, complained of taken singly or collectively amounted to such a denial of the rights of the appellants as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellants from making a proper presentation of the case to the appellate court. Rule 434, T.R.C.P.

All points of error are overruled and the judgment of the trial court is affirmed.

Affirmed.