LA GRANGE & LOCKHART COMPRESS
CO. v. HART.    (No. 5366.) †

(Court of Civil Appeals of Texas. Austin.
June 3, 1914. Rehearing Denied
July 4, 1914.)

1. DAMAGES (§ 132*) — EXCESSIVENESS — PERSONAL INJURIES.
Plaintiff's feet were caught in a cotton press and crushed in such a manner as to render him a cripple for life. It was necessary to amputate both feet at the junction of the instep with the heel, and one of plaintiff's physicians testified that he would never be able to walk without crutches. He was about 43 years old at the time of the accident, in good health, industrious, of good character, and able to get manual labor at good wages, and was qualified for no other character of employment. Held,

that a verdict allowing him $10,000 was not excessive.
[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. § 132.*]

2. TRIAL (§ 256*)—INSTRUCTIONS—REQUESTED CHARGE—DUTY TO MAKE REQUEST.
In general, if a party desires to have inaccuracies in instructions given cured, it is his duty to ask properly prepared special instructions for that purpose.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

3. TRIAL (§ 253*)—INSTRUCTIONS—REQUESTED CHARGE—ELIMINATION OF ISSUES.
Where, in an action for injuries to a servant, plaintiff alleged negligence in the employment of incompetent fellow servants, and also in the furnishing of defective and dangerous machinery, a requested charge that plaintiff could not recover on account of his fellow servant's negligence if defendant exercised proper care in employing him, and concluding by instructing the jury that if they found the facts to be as therein recited to return a verdict for defendant, were properly refused as eliminating plaintiff's right to recover, based on the ground of defendant's furnishing defective machinery.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

4. TRIAL (§ 260*)—REQUESTED CHARGE—INSTRUCTIONS GIVEN—CONTRIBUTORY NEGLIGENCE.
The court having charged that, if the jury believed from the evidence that plaintiff was negligent in going on the block of a cotton press by which he was injured, or in not acting as an ordinarily prudent person would have acted under all the circumstances, then he was not entitled to recover, other requested instructions on the issue of contributory negligence were properly refused.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

5. APPEAL AND ERROR (§ 1058*)—HARMLESS ERROR—RECEPTION OF EVIDENCE — CURING ERROR.
Error in excluding certain evidence is cured where the facts sought to be proved are otherwise shown before the end of the trial.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4204, 4206; Dec. Dig. § 1058.*]

Appeal from District Court, Caldwell County; F. S. Roberts, Judge.

Action by Jesse Hart against the La Grange & Lockhart Compress Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Hunt, Myer & Teagle, of Houston, and E. B. Coopwood, of Lockhart, for appellant. Lane, Wolters & Storey, and Wm. A. Vinson, all of Houston, and Paul Kayser, of Lockhart, for appellee.

KEY, C. J. We copy from appellant's brief the following concededly correct statement of the nature and result of this suit:

"This is an action by Jesse Hart to recover damages for personal injuries sustained by having his feet crushed in a cotton press on the 11th day of August, 1913. Plaintiff based his action on the negligence of a fellow servant in turning on the steam which operated said press while the plaintiff was standing on the lower platform thereof; he also alleged that the press was weak and defective, and that the servant

who turned on the steam, one Polly, was incompetent and inexperienced, and that defendant knew of this in time to have prevented the injury to plaintiff. Plaintiff alleged his injuries were permanent, and prayed for damages in the sum of $20,000. Defendant answered by general demurrer, general denial, special denial of the allegations that the press was out of repair, special denial that Polly was incompetent, and denial that the press was weak or defective. Defendant also pleaded that the injuries were received through the negligence of a fellow servant, and pleaded contributory negligence and assumed risk. The cause was tried before a jury on November 10, 1913, and on the same day a verdict was returned in favor of the plaintiff for $10,000. Defendant filed its motion for new trial, which was overruled by the court, to which defendant excepted and gave notice of appeal to the Court of Civil Appeals. Defendant filed its appeal bond herein on the 28th of November, 1913, which was duly approved, and submits this cause for review upon the following assignments of error, propositions, and authorities."

The proof shows that the plaintiff was injured substantially as alleged in his petition. The trial court submitted to the jury three issues of negligence on the part of the defendant, as charged in the plaintiff's petition, and the issue of contributory negligence on the part of the plaintiff, as charged in the defendant's answer. The verdict of the jury embodied a general finding for the plaintiff and assessed his damages at $10,000. The issues of negligence charged against the defendant and submitted to the jury by the court's charge were: (1) Whether or not the defendant's employé and servant Polly was guilty of negligence as charged in the plaintiff's petition; (2) whether or not Polly, who was a fellow servant with the plaintiff, was inexperienced, careless or negligent, and whether or not the defendant by the exercise of proper care could have known of such facts when it employed him; and (3) whether or not the machinery was faulty and defective, as charged in the plaintiff's petition, and whether or not, by the exercise of ordinary care, such defect could have been ascertained and remedied by the defendant—and told the jury that in the event they found for the plaintiff on the issues referred to, to return a verdict for him, unless they found that he was guilty of contributory negligence. On the subject of contributory negligence the court instructed the jury as follows:

"If you believe from the evidence that the plaintiff at the time of his injury was guilty of negligence in going upon the block of the press, or that he did not act as an ordinarily prudent person would have acted under all the circumstances, then he is not entitled to recover, and you will so find."

There was testimony tending to show that the defendant was guilty of negligence or the want of ordinary care in all the respects charged in the plaintiff's petition and submitted to the jury by the court's charge; and, while the evidence referred to may not be as strong and convincing as that in many other cases, still we are not prepared to say that it would not support a finding of negligence in all the particulars alluded to; and we, therefore, overrule all of the assignments which complain of the verdict in those respects. Also the same may be said in reference to the issue of contributory negligence, which issue the jury must have decided against the defendant and in favor of the plaintiff, which finding we hold should not be disturbed by this court.

[1] We also hold that the verdict of the jury is not excessive. The proof shows that both of the plaintiff's feet were caught in the press and crushed in such a manner as to render him a cripple for life. In fact, his injuries were such as rendered it necessary for the attending physicians to amputate both feet at the junction of the instep with the heel, and one of the physicians expressed the opinion that he will never be able to walk without crutches. He was about 43 years of age, was in good health, industrious, sustained a good character, and was able to get employment at manual labor at good wages, and was not shown to be qualified for other character of employment.

[2] Many objections are urged against the court's charge, and many complaints made of the refusal of requested instructions. It must be conceded that the charge of the court is, in some respects, prolix and not as distinct and accurate as it might have been; but we do not believe that the objections urged against it are such as require a reversal of the case. We do not think the jury were misled by the inaccuracies referred to, nor do we think the criticisms addressed to the charge point out affirmative error. The charge may have contained some unnecessary verbiage, and it may not have presented some of the issues as clearly as might have been done; but such defects in a charge do not necessarily constitute reversible error. The general rule is that if the party desires to have such defects cured, he should seek to accomplish that result by asking properly prepared special charges correcting such defects.

[3] Appellant requested, and the court refused to give, quite a number of special charges. The most of them related to the law of fellow servant, and sought to make it clear to the jury that the appellant's employé Polly was the plaintiff's fellow servant, and that the plaintiff could not recover on account of Polly's negligence if appellant exercised proper care in employing him. The requested instructions referred to were properly refused because they concluded by instructing the jury that if they found the facts to be as therein recited to return a verdict for the defendant. If either of these charges had been given, it would have limited the plaintiff's right to recover to the question of the defendant's liability arising out of the conduct of its employé Polly, and its conduct in employing him, and would have ignored and tended to eliminate the other ground of liability based upon defec-

tive machinery; and therefore they were properly refused.

[4] Certain other requested instructions related to the issue of contributory negligence; but, in view of the court's charge upon that subject as set out above, we hold that no error was committed in refusing to further charge in that regard. .

[5] We also overrule the assignments which complain of the court's ruling upon the admissibility of testimony. In one of them it is urged that the court erred in sustaining an objection and not permitting the witnesses Polly and W. L. Inman to testify that the operation of the lever and press was simple, and did not require special skill to operate same. We overrule that contention because appellant admits in its eighteenth assignment that the facts show that the lever and pipe were the only parts of said press having anything to do with the operation, that the lever was a simple apparatus, and that its operation did not require any special skill or training. So from the statement referred to it would seem that the facts which appellant sought to prove by the testimony adverted to in the first assignment were otherwise proved before the trial ended, and therefore we hold that the exclusion of the testimony of the witnesses Polly and W. L. Inman, if erroneous, does not constitute ground for reversal.

All the questions presented in appellant's brief, though some of them are not discussed in this opinion, have been duly considered, and our conclusion is that the judgment should be affirmed; and it is so ordered.

Affirmed.