**Artie BAKER, Appellant,**

v.

**R. E. MARABLE et al., Appellees.**

**No. 3843.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 22, 1963.

Rehearing Denied Dec. 20, 1963.

ford. Stafford was selling the land to Marable and Harral and wanted to obtain a release of Baker's lien. Some kind of a contract was made between Stafford and Baker looking to a discharge of Baker's lien against the land. What that contract was is the controlling issue determinative of the portion of the judgment appealed from. Marable and Harral purchased the land from Stafford. This suit was instituted by Baker against Marable and Harral to foreclose his lien against said land.

The case was submitted to a jury and it found, so far as is here material, that (1) at the time of reconveyance of the land by Singh to Stafford it was Stafford's intention to accept the land subject to Baker's lien; (2) that in May, 1960, Stafford delivered certain farm machinery to Baker for the purpose of satisfying Singh's debt to Baker; (3) that Baker did not accept the farm machinery in full satisfaction of Singh's debt.

Issue four and the jury's answer thereto are as follows:

"Do you find from a preponderance of the evidence that plaintiff, Artie Baker, accepted in full satisfaction of the indebtedness owing to him by M. G. Singh certain farm equipment and tools delivered to him by Si Stafford and the promise of Si Stafford to pay the indebtedness owing on said farm equipment and tools? * * * ANSWER *Yes.*" Based upon the answer to issue four the court found there had been an accord and satisfaction of Singh's debt to Baker and, therefore, Baker had no lien against the land. Judgment was rendered for the defendants. Baker has appealed. The jury also found that (5) Baker accepted Stafford as his debtor in lieu of Singh.

Baker contends there was no evidence to sustain the answer to issue four. We sustain that contention. We sustain appellant's further contention that said finding is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust. We make the same holdings relative to the answer to issue five.

W. F. Leigh, Pecos, for appellant.

J. M. Preston, John P. Dennison, Pecos, for appellees.

GRISSOM, Chief Justice.

Singh owned a farm. He became indebted to Baker and gave him a lien on his land. Singh reconveyed the land to Staf-

The testimony of Baker and his witnesses was definitely to the effect that the contract was that Baker was to release his lien against the land upon the delivery to him by Stafford of certain farming machinery plus the payment, not promise to pay, by Stafford of the debt secured by a lien against the machinery. Mr. Baker, his bookkeeper and another employee testified that such was the agreement and that Baker was not to release his lien against the land purchased by Marable and Harral until Stafford delivered to him a release of the lien against the machinery. A written memorandum contained that provision. Said witnesses testified that Stafford was given a carbon copy thereof. Stafford's copy was not produced. He testified that Baker inserted the statement that Baker was not to release his lien until Stafford delivered to Baker a release of a lien against the machinery in the writing after its execution. Baker introduced his copy of the memorandum which contained that statement. Stafford said that if he ever had one he had lost it. Stafford testified, not as found by the jury, that Baker agreed to release his lien in consideration of the delivery of the farm machinery plus Stafford's mere promise to pay the debt against the machinery, but that Baker agreed to release his lien in consideration of delivery of the machinery with the debt and lien against the machinery. In other words, that if Baker kept the machinery he had to pay the debt secured by a lien against the machinery. The debt was not paid and the lienholder repossessed the machinery. Appellees say the testimony of Baker's bookkeeper that on Baker's books Singh's debt was shown discharged constitutes evidence in support of said finding upon which the judgment is based. If it is any evidence, it is no more than a scintilla and comes within the meaning of the Supreme Court's decision in Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059. See also 3 Tex.Jur. 1093; Travelers Insurance Company v. Blazier, Tex.Civ.App., 228 S.W.2d 217, (Writ Dis.); Hawkins v. Campbell, Tex. Civ.App., 226 S.W.2d 891, (Ref. N.R.E.).

The jury's answer to issue four is not in accord with the testimony of any witness. Jurors may resolve conflicts and inconsistencies in the testimony of witnesses but they may not find the existence of a contract contrary to the testimony of all the witnesses. It is undisputed that Baker agreed to accept the farm machinery but the question was whether it was required that Stafford obtain a release of the lien against the machinery or that Baker agreed to accept it with the debt and lien against it. No one testified that Baker agreed to accept the mere promise of Stafford to pay that debt, nor to any fact from which the jury could conclude such to be the agreement. See Muro v. Houston Fire & Casualty Insurance Company, Tex.Civ.App., 329 S.W.2d 326, 331, (Ref. N.R.E.). The finding that Baker accepted the mere promise of Stafford to pay the debt on the machinery is contrary to the testimony of both Stafford and Baker. It was, however, alleged in the alternative by defendants. Since the answer to issue 4 is the sole basis for the judgment it can not stand. The defensive issue which finds support in Stafford's testimony, to-wit, that Baker agreed to cancel his lien upon Stafford's delivery of the machinery with the debt and lien against it was not submitted. The case was decided upon an erroneous theory that has no support in the evidence.

Appellant's third point is overruled because it is not shown that the exceptions were presented to and overruled by the court. We sustain appellant's points 5, 6, 7 and 8. That part of the judgment refusing appellees a judgment against Baker on their cross, or third party, action was not appealed and is undisturbed. The part of the judgment denying Baker a foreclosure of his lien against the land is reversed and the cause is remanded. Texas R.C.P. 503; Employees Finance Company v. Lathram, (Sup.Ct.), 369 S.W.2d 927, 929.

The judgment is undisturbed in part and, in part, reversed and the cause remanded for another trial.