**BOAZ WELL SERVICE, INC., Appellant,**

v.

**Barney CARTER, Appellee.**

**No. 16979.**

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 10, 1969.

Rehearing Denied Feb. 14, 1969.

Jennings, Montgomery & Dies, and Elton M. Montgomery, Graham, for appellant.

Penix, McCracken & Andrews, and Eugene W. McCracken, Graham, for appellee.

## OPINION

LANGDON, Justice.

The plaintiff, Boaz Well Service, Inc., appellant, initiated suit against defendant, Barney Carter, appellee, to recover a delinquent account for well services rendered by it for Carter on properties the latter owned and operated. It is undisputed that services were requested by Carter and that a rig and crew were dispatched to his location. The case was tried to a jury.

The plaintiff alleged that during the latter part of August and first part of September, 1966, it had furnished certain well services to one of defendant's rigs. An itemized statement, Exhibit A, reflecting such services, was attached to and by reference incorporated as part of the petition. The sum alleged to be due as reflected by such itemized statement was $973.04 plus accrued interest (statutory) since January 1, 1967. It was further alleged that defendant, though often requested to pay the account, has failed and refused and still fails and refuses to pay the same or any part thereof. Attorney's fee under Art. 2226, Vernon's Ann.Tex.St., in the amount of $500.00 was prayed for as was the item of interest, "and such other and further relief, general and special, at law and in equity, as plaintiff may show itself justly entitled."

On the morning of the trial defendant filed his second amended original answer, similar in wording to his first amended original answer except in it he acknowledged that all except $340.00 (representing charges for "standby time") of the claim was owed and deposited in the registry of the court the sum of $633.04. This left in issue only the sum of $340.00 of the total amount of the claim sued for.

The defendant contended by way of defense that he had a trade or understanding with the plaintiff that he would not have to pay for "standby time" (included in the invoices submitted to him by the plaintiff) which time is usually and customarily paid for by a recipient of such services.

During trial it developed that defendant was not relying on his alleged trade with the plaintiff but was claiming to have released the rig for return to plaintiff's yard with its crew. Thus the issue was whether or not he had released the rig and crew for the period with which he was charged for "standby time" rather than whether he had a trade with plaintiff to the effect he would not have to pay for "standby time."

Two issues were submitted to the jury. The answers thereto were essentially as follows: First—The defendant did on August 29, 1966, release from further work on the well the plaintiff's machinery and crew. Second—From a preponderance of the evidence the amount of money, if any, found to be a reasonable attorney's fee for the plaintiff was "None."

The plaintiff's motion for judgment non obstante veredicto was overruled. Defendant's motion for judgment on the verdict was granted. Omitting formal declarations the judgment read: "It is, therefore, ordered, adjudged and decreed that Plaintiff, Boaz Well Service, Inc., take nothing by its cause of action asserted in this case and that all costs shall be taxed against Plaintiff, Boaz Well Service, Inc., for which execution may issue. * * * Signed, rendered and entered this 16 day of April, 1968."

The plaintiff on appeal contends that the court erred in failing to grant its motion for judgment non obstante veredicto, in overruling its motion for new trial and in rendering judgment on the verdict because the evidence in the case conclusively establishes that $300.00 was a reasonable attorney's fee and because there was no evidence or insufficient evidence to support the finding of the jury that "None" would be a reasonable fee and that such finding is against the great weight and over-

whelming preponderance of the evidence (points 1 through 4). Points five (5) and six (6), respectively, complain of the court's failure to grant statutory interest and recovery of court costs.

We reverse and render the judgment in part and reverse and remand as to part.

In order to portray the events which transpired in these proceedings they are set forth in chronological order as follows:

October 30, 1967—Plaintiff's original petition was filed. (This was approximately 14 months after invoices for the services rendered were mailed to the defendant.)

November 24, 1967—Defendant filed his answer, a general denial.

February 13, 1968—Defendant's first amended original answer (verified) was filed.

February 19, 1968—Case was called to trial and both parties announced ready. (Another case was tried ahead of it and case was reached on Wednesday, February 21, 1968.)

February 21, 1968—Case went to trial. At 8:45 A.M. on this same date defendant's Second Amended Original Answer (verified) was filed. Paragraph V of such answer reads as follows:

"Defendant denies all and singular the allegations in Plaintiff's Original Petition, except as to the sum of SIX HUNDRED THIRTY THREE AND 04/100 ($633.04) DOLLARS, *part of the sum of money in said Petition mentioned,* Defendant says that when the same became due and payable, he, the Defendant, was and from thence hitherto has been and still is ready and willing to pay the same; and the said Defendant now brings the said sum of SIX HUNDRED THIRTY-THREE AND 04/100 ($633.04) DOLLARS so tendered into court here, *ready to be paid to the said Plaintiff; demands strict proof thereof and of this puts himself upon the country."* (Emphasis ours.)

The italicized portions of paragraph V above set forth reflect an admission by the defendant that the sum of $633.04 represents part of the sum of money or claim for which he was sued. It further indicates that the tender was made subject to "strict proof" before "ready to be paid."

It is not apparent from the record that the plaintiff was aware of the filing of the second amended original answer containing defendant's tender of the $633.04 until at the time defendant referred to it while on the witness stand on direct examination.

It is undisputed that invoices for the services rendered by the plaintiff were mailed to Carter in September of 1966. Admittedly the invoices were received. Mr. Boaz testified that when the account was seven months old and still unpaid he wrote to the defendant, Barney Carter, inquiring about the account and whether the invoices had been received. His letter was ignored. Thereafter he wrote Barney Carter a second letter concerning the account. It likewise was ignored. Testimony concerning the letters was not refuted by Carter. There is no denial in his testimony concerning his receipt of these letters.

The record as a whole is silent as a tomb as to any desire or willingness on the part of the defendant to pay the account or any part thereof—prior to filing of his second original amended answer in which he acknowledged that he did owe $633.04 of such account.

As a result of the suit the plaintiff collected $633.04 of his total claim of $973.04 exclusive of interest and attorney's fees.

Article 2226, V.A.T.S., p. 56, "Attorney's fees," provides that: "Any person having a valid claim against a person or corporation for personal services rendered, labor done, material furnished, * * * or suits founded upon a sworn account or accounts, *may present the same to such person* or corporation or to any duly authorized agent thereof; *and if, at the expiration*

of thirty (30) days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such person or corporation, *he may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney."* (Emphasis ours.)

The plaintiff had a valid claim which it presented to the defendant who failed to pay or satisfy such claim before the expiration of thirty (30) days after presentation.

The plaintiff, represented by an attorney, finally as the result of his suit, collected approximately two-thirds of the amount of the claim presented for payment.

Therefore, under Article 2226, the plaintiff is entitled, in addition to his claim and costs, a reasonable amount as attorney's fees.

Since there was full compliance with all of the preliminaries required by Article 2226, and there is no contention to the contrary, the statute "authorizes the recovery of reasonable attorney's fees upon a claim of the nature of that asserted here." Dueitt v. Barrow, 384 S.W.2d 214 (Tex. Civ.App., Corpus Christi, 1964, no writ hist.). See also South Texas Building Co. v. Ideal Engineering, Inc., 402 S.W.2d 292 (Tex.Civ.App., Houston, 1966, ref., n. r. e.), and cases cited therein.

In the case of Hudson v. Smith, 391 S.W.2d 441 (Tex.Civ.App., Houston, 1965, ref., n. r. e.), it was held:

"It is not required by Article 2226 that the claim be presented 30 days prior to the filing of suit. *It is only necessary that a claim be presented and if it is not paid within 30 days an attorney's fee is recoverable in any suit where the claimant recovers a part of the claim if he is represented by counsel.* Gateley v. Humphrey, 151 Tex. 588, 254 S.W.2d 98. * * * *The purpose of the requirement for presenta-*

tion of a claim is to allow the person against whom it is asserted an opportunity to pay the claim in 30 days after * * * notice of the claim without incurring an obligation for attorney's fee*. No particular form of presentation is required. Huff v. Fidelity Union Life Ins. Co., 158 Tex. 433, 312 S.W.2d 493; National Life & Accident Ins. Company v. Dove, 141 Tex. 464, 174 S.W.2d 245." (Emphasis ours.)

T. J. Rodgers who has practiced law in Graham, Texas for twenty-two years and is presently District Attorney for the 90th Judicial District, was called as a witness on the matter of attorney's fees. He had previously handled suits involving similar matters. A résumé of work done on behalf of appellant by its attorney was related and Mr. Rodgers testified that in his judgment under such circumstances a fee in the sum of $300.00 to $350.00 would be reasonable. No witness in rebuttal was called by defendant. There is no evidence in the record, other than the testimony of Mr. Rodgers, concerning the amount or reasonableness of attorney's fees. His qualifications were not challenged.

■ The amount and reasonableness of attorney's fees is a question of fact to be determined by the court or jury as any other fact issue and as such is required to be supported by competent evidence.

Great American Reserve Insurance Co. v. Britton, 406 S.W.2d 901, 906 (Tex.Sup., 1966); Schecter v. Folsom, 417 S.W.2d 180, 183 (Tex.Civ.App., Dallas, 1967, no writ hist.); Rhoades v. Miller, 414 S.W.2d 942 (Tex.Civ.App., Tyler, 1967, no writ hist.); Reynolds Research & Manufacturing Co. v. Scamardo, 412 S.W.2d 941 (Tex. Civ.App., Waco, 1967, no writ hist.); Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155 (Tex.Sup., 1945); 7 Tex.Jur.2d 183, § 119; Johnson v. Universal Life & Accident Ins. Co., 127 Tex. 435, 94 S.W.2d 1145 (1936); Trevino v. American Nat. Ins. Co., 140 Tex. 500, 168 S.W.2d 656, 660 (1943).

In Kost v. Lancaster, 414 S.W.2d 514 (Tex.Civ.App., Houston, 1967, ref., n. r. e.), it was held:

"Appellant was entitled to recover reasonable attorney's fee as authorized by Article 2226, Vernon's Ann.Tex.Civ.St.; Texas Reserve Life Insurance Co. v. Security Title Co., 352 S.W.2d 347 (Tex.Civ. App.–San Antonio 1961). An issue was submitted to the jury to determine the amount of such an attorney's fee. The jury's answer 'none' is so contrary to the great weight and preponderance of the evidence as to be clearly wrong. This portion of the cause of action is ordered severed.

"The judgment of the Trial Court is reversed and judgment is here rendered against Frank H. Lancaster and in favor of Phillip Kost in the sum of Two Thousand Two Hundred Fifty ($2,250.00) Dollars with interest thereon at the rate of 6% per annum from September 22, 1960. The cause of action in respect to the attorney's fee is hereby remanded to the District Court of Harris County, Texas, for trial. * * *"

■ As in the Kost case the jury's answer "none" in this case is so contrary to the great weight and preponderance of the evidence as to be clearly wrong.

Since there has been full compliance with Art. 2226 and the amount and reasonableness of attorney's fees was supported by the pleadings and competent evidence the plaintiff is clearly entitled to recover attorney's fees in some amount.

The plaintiff prayed for interest on the account from January 1, 1967. Article 5070, V.A.T.S., provides that, "When no specified rate of interest is agreed upon by the parties, interest at the rate of six per cent per annum shall be allowed * * on all open accounts, from the first day of January after the same are made."

Admittedly the sum of $633.04 was due and payable to the plaintiff from and after August 29, 1966, and therefore under the statute interest should have been allowed on such sum beginning January 1, 1967. No amount of money representing interest or attorneys' fees was tendered into court.

■ Since as a result of the suit the plaintiff collected from the defendant the sum of $633.04 which was admittedly owed by him and placed in the registry of the court for disbursement by the court under the style and number of this suit the judgment of the trial court should have reflected these events and awarded interest on such amount from January 1, 1967. Additionally costs of suit should have been adjudged against the defendant.

Rule 131, Texas Rules of Civil Procedure, provides: "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided."

The plaintiff, as result of its suit was successful in recovering approximately two-thirds of the claim sued for. The verdict of the jury denied only the sum for "stand-by time." It did not deny plaintiff the right to the sum of $633.04 deposited in the registry of the court nor interest on such sum.

Because of the admissions of the defendant the trial involved only a small portion of the total claim for which suit was filed. The claim sued upon involved the amount of the claim (most of which was collected), interest, attorneys' fees and costs. The fact that the jury found in favor of the defendant on the issue involving the small amount of the total claim which was in issue does not place the mantle of "successful party to a suit" upon the shoulders of the defendant.

Rule 141, T.R.C.P., provides: "The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules."

The court failed to state on the record any "good cause" or any cause as to why costs were adjudged otherwise than as pro-

vided by Rule 131 and we are of the opinion and hold that there is no "good cause" for adjudging costs against the plaintiff.

The judgment of the trial court is reversed and judgment here rendered that plaintiff be and it is awarded interest at the rate of six per cent on the sum of $633.04 from January 1, 1967, to date of trial. All costs in the trial court are taxed against the defendant. The issue of attorney fees is severed and remanded to the trial court for trial on the merits. Great American Reserve Insurance Co. v. Britton, 406 S.W.2d 901 (Tex.Sup., 1966).

The judgment of the trial court is reversed and rendered in part and in part reversed and remanded.