**Rosemary RIVAS, Appellant,**

v.

**COMMUNITY SAVINGS AND LOAN ASSOCIATION, Appellee.**

**No. 15930.**

Court of Civil Appeals of Texas, San Antonio.

March 8, 1978.

Rehearing Denied March 29, 1978.

the alleged conversion of livestock. Appellee filed a counter claim to recover on a note. Appellee claimed a security interest in the livestock, to-wit, cattle and horses.

After a trial before a jury, the trial court instructed a verdict in favor of appellee on the note and held as a matter of law that the appellee did not have a security interest in the horses and submitted to the jury the issues concerning conversion of the horses. The trial court entered judgment on the jury's verdict and the instructed verdict. After all offsets were calculated, appellee recovered the sum of $3,499.70 from appellant.

The appellant complains of the judgment of the trial court in 19 points of error and 8 supplemental points of error. We hold that it is not necessary to consider any of appellant's point of error as they are not properly before this Court, and the judgment of the trial court should be affirmed.

At the close of the evidence appellee moved for an instructed verdict on its counter claim on the note and at this time appellant's counsel stated in the trial court that: "There is no issue of fact as to the note. Yes, Judge, that's correct, we don't contest the directed verdict on the issue of fact at all;  .  .  .." The attorney for appellant clearly invited the court to grant the motion for instructed verdict on the note, and has thereby relinquished the right to review that action by a higher court. As stated in 3 Tex.Jur.2d *Judgments* § 190 (1962) at p. 592, "[a] party who clearly, voluntarily, and unconditionally acquiesces in, or ratifies, a judgment or order thereby relinquishes his right to a review by a higher court, except as to jurisdictional errors and defects." (See cases cited in this text.)

After the court had granted an instructed verdict on the note, it proceeded to submit the issues on conversion to the jury. The jury answered the issues favorably to appellee and the court entered a judgment in favor of appellee on the verdict. The trial court overruled appellant's amended motion for new trial, which contained four grounds of error as follows:

Evans & Marshall, Louis E. Marshall, San Antonio, for appellant.

Small, Craig & Werkenthin, Austin, for appellee.

MURRAY, Justice.

Rosemary Rivas, appellant, filed suit against Community Savings and Loan Association, appellee, in the district court of Gillespie County, to recover damages for

(1) The Court erred in granting Defendant's motion in limine to suppress evidence of the market value of any horse not owned by Plaintiff at time of conversion.

(2) The Court erred in refusing the special issue requested by both Plaintiff and Defendant as to whether all blanks were filled in on that financing statement dated in November, 1973, prior to Plaintiff's signing such financing statement.

(3) The Court erred in failing to render judgment providing for interest on the sum of $300.00, found to be Plaintiff's damages, at the legal rate from date of conversion to date of judgment.

(4) The Court erred in not allowing Plaintiff time to research and prepare special issues dealing with legal defenses under the Consumer Credit Code to Plaintiff's cross-action for damages.

■ At the time this case was decided and the appeal perfected, Rule 324, Tex.R. Civ.P. (1976), required that a motion for new trial be filed as a prerequisite to appeal. Appellant's points of error presented in this Court are not germane to any assignment of error in appellant's amended motion for new trial. Therefore we are without authority to consider them. *Smith v. Davis*, 453 S.W.2d 340 (Tex.Civ.App.— Fort Worth 1970, writ ref'd n. r. e.; *Sterling v. Tarvin*, 456 S.W.2d 529 (Tex.Civ.App. —Fort Worth 1970, writ ref'd n. r. e.); Tex.R.Civ.P. 374 (1976).

Plaintiff's post-submission brief, claiming fundamental error, has been carefully examined by this Court and found to be without merit.

The judgment of the trial court is affirmed.